**Achot MIRZOIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72946.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 1, 2004.

David L. Ross, Esq., Daniel H. Lee, Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Achot Mirzoian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (the "BIA") summary decision affirming the Immigration Judge's (IJ) denial of his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Mirzoian's petition.

When the BIA affirms an IJ's decision without opinion under 8 C.F.R. § 1003.1(a)(7), we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003). The IJ determined that Mirzoian failed to establish his eligibility for asylum or withholding of removal, because his testimony was not credible. We review the IJ's adverse credibility determination for substantial evidence and affirm unless Mirzoian demonstrates that the evidence compels us to conclude that the IJ's finding was erroneous. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003); *see also* 8 U.S.C. § 1252(b)(4)(B).

Here, the IJ had "a legitimate articulable basis" to question Mirzoian's credibility, and offered "specific, cogent reason[s] for any stated disbelief." *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003) (internal quotation and citation omitted). Perhaps most significant, Mirzoian admits that he filed an application for asylum that did not comport with his testimony before the IJ. While he claims that he had no idea what the application contained, the paralegal who prepared the filing testified that she merely translated what Mirzoian told her and that she read the entire application back to Mirzoian after she typed it. His subsequent application and testimony contained additional inconsistencies. Even one inconsistency is sufficient to uphold a credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In addition, by failing to satisfy the lesser standard of proof required to establish eligibility for asylum, Mirzoian necessarily fails to demonstrate eligibility for withholding of deportation. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Mirzoian's contention that the BIA's streamlining regulations violate his right to due process is foreclosed by *Falcon Carriche*, 350 F.3d at 849–51 (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.